UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CRISTDAHL,<br><br>Plaintiff,<br><br>v.<br><br>THE HOME DEPOT, INC, et al.,<br><br>Defendants. | No. 2:25-cv-2737-TLN-CKD (PS)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Proceeding without counsel, plaintiff Richard Cristdahl initiated this action in state court and defendants filed a notice of removal based on diversity jurisdiction. (ECF No. 1.) This matter was referred to the undersigned by Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1).

On October 10, 2025, plaintiff filed a motion to remand and a motion for leave to amend the complaint. (ECF Nos. 10, 11.) These motions are suitable for decision without oral argument under Local Rule 230(g). Accordingly, the hearing set for December 3, 2025, is vacated. For the reasons set forth below, the undersigned recommends the court grant the motion for leave to amend the complaint and deny the motion to remand. The undersigned will deny without prejudice plaintiff's request to file documents electronically. (ECF No. 10.)

////

////

1

## I. Background

Plaintiff filed the complaint on August 20, 2025, in the Nevada County Superior Court. (ECF No. 1 at 17-57.) The named defendants are Sedgwick Claims Management Services, Inc., sued as Sedgwick LLP ("Sedgwick"), Home Depot, Inc. ("Home Depot") and LCS Record Retrieval. Plaintiff asserts professional negligence by the defendants in relation to injuries allegedly suffered when plaintiff tripped on an unattended pallet jack at Home Depot. (E.g., id. at 17, ¶ 1.)

Defendant Sedgwick, joined by the other defendants, filed the notice of removal on September 24, 2025. (ECF No. 1.) Defendants filed answers to the complaint on September 29 and October 1, 2025. (ECF Nos. 4, 5, 6.)

On October 10, 2025, plaintiff filed the motion for leave to amend the complaint along with a proposed amended complaint captioned "Second Amended Complaint" and the motion to remand. (ECF Nos. 11, 12, 13.) Plaintiff seeks leave to amend to correct mistakes in the original complaint. Specifically, plaintiff seeks to amend the damages sought to accurately reflect actual damages and to correct other minor errors in several paragraphs. (See ECF No. 11.) As to the amount of damages, the proposed amended complaint requests damages for medical bills incurred, statutory damages, and damages for past and future pain and suffering "according to proof." (ECF No. 12, ¶¶ 283-285.)

Plaintiff also seeks remand, arguing the proposed amended complaint reduces the amount in controversy below the $75,000 threshold, and thus that the amendment negates diversity jurisdiction under 28 U.S.C. § 1332. All defendants oppose the motion to remand. (ECF Nos. 18, 19, 20.) Defendant Sedgwick additionally opposes the motion for leave to amend. (ECF No. 16.) Plaintiff filed a reply to the defendants' arguments. (ECF No. 22.)

## II. Applicable Standards

A federal court has subject matter jurisdiction based on diversity if (1) all plaintiffs and all defendants are citizens of different states, and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The amount in controversy is determined by the complaint operative at the time of removal. Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 414-15 (9th Cir. 2018). "[W]hen the

amount in controversy is satisfied at removal, any subsequent amendment to the complaint or partial dismissal that decreases the amount in controversy below the jurisdictional threshold does not oust the federal court of jurisdiction." Id. at 417 (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 292-93 (1938)).

As relevant here, a party is allowed to amend their pleading once as a matter of course within 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1)(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

### III.     Discussion

As plaintiff acknowledges, his complaint filed in state court operative at the time of removal pleaded damages exceeding $75,000. As such, the amount-in-controversy requirement is "presumptively satisfied" unless "it appears to a 'legal certainty' that the claim is for less than the jurisdictional amount." Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007) (quoting Sanchez v. Monumental Life Ins. Co., 102 F.3d 398 (9th Cir. 1996)).

Based on a review of the initial complaint, it appears plaintiff, in good faith, demanded over $75,000 in damages in state court. In relevant part, the operative complaint at the time of removal alleged plaintiff had already suffered $96,808 in medical expenses related to the incident and that there would be additional charges for ongoing treatment. (ECF No. 1 at 53, ¶¶ 288-289.) The operative complaint at the time of removal also requested $350,000 in damages for past and future pain and suffering. (Id., ¶ 290.) These allegations are more than sufficient to satisfy the amount in controversy.

In addition, during settlement negotiations, plaintiff countered a settlement offer with a demand for $250,000. (ECF No. 22 at 2.) As set forth above, plaintiff's proposed amended complaint requests damages for medical bills incurred, statutory damages, and damages for past and future pain and suffering "according to proof." (ECF No. 12, ¶¶ 283-285.) Plaintiff argues there have been no settlement discussions for an amount exceeding $75,000 since this case was removed, and additionally that under a realistic view of the case, his damages should be under

3

1  $75,000. Those arguments are misplaced because the amount in controversy is determined by the
2  complaint operative at the time of removal. See Chavez, 888 F.3d at 414-15, 417. Considering all
3  the circumstances, there is no legal certainty that plaintiff's claims are for less than the requisite
4  jurisdictional amount. Thus, this court has diversity jurisdiction over the causes of action, and the
5  motion to remand should be denied.

6  Separately, plaintiff's motion for leave to amend the complaint should be granted.
7  Plaintiff filed the proposed amended complaint within 21 days after service of defendants'
8  responsive pleadings, which is within the time frame for filing an amendment as of right. See Fed.
9  R. Civ. P. 15(a)(1)(B). Although the proposed amended complaint is captioned "Second
10 Amended Complaint," it is the first amended pleading filed by plaintiff in this case.[1]

11 **IV.    Request to E-file**

12 Plaintiff seeks to participate in electronic case filing. (ECF No. 10.) "[A]ny person
13 appearing pro se may not utilize electronic filing except with the permission of the assigned Judge
14 or Magistrate Judge." See E.D. Cal. L.R. 133(b)(2). Plaintiff states no reasons in support of the
15 request and does not provide good cause for deviance from the general procedure in the Local
16 Rule at the present time. The request will be denied without prejudice.

17 However, if plaintiff would like to receive immediate email notifications when documents
18 are filed in this case instead of receiving service by mail, plaintiff may file such a request. Such a
19 request should provide an email address and state plaintiff consents to receive service of
20 documents electronically and waives the right to receive service by first class mail.

21 **V.    Conclusion, Order, and Recommendation**

22 In accordance with the above, IT IS ORDERED as follows:

23 1. Plaintiff's motion to e-file (ECF No. 10) is DENIED without prejudice.

24 2. The hearing set to take place on December 3, 2025, is VACATED.

25 ////

26

---

[1] Plaintiff indicates he improperly filed a "First Amended Complaint" in the Nevada County Superior Court on September 30, 2025, under Case No. CU-0002289. (ECF No. 11 at 1.) That occurred after the notice of removal was filed on September 24, 2025. (ECF No. 1.)

4

In addition, IT IS RECOMMENDED as follows:

1. Plaintiff's motion for leave to amend (ECF No. 11) be granted.

2. Plaintiff's motion to remand (ECF No. 13) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: November 26, 2025

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 crist25cv2737.fr.jx